ELLIS *vs.* CAREY.

[ACTION ON PENAL BOND.]

1. *What constitutes navigable stream.*—Murder creek, near Fort Crawford in Conecuh county, Alabama, is not, on the facts shown in this case, a navigable stream; it appearing that said creek is not affected by the ebb and flow of the tide, has never been declared a public highway by legislative authority, and was not treated as a navigable stream by the United States surveyors; although it was also shown that, within the last twenty years, keel-boats, loaded with cotton, had been several times floated down it during the winter season.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. A. B. MOORE.

THIS action was brought by A. D. Carey, judge of probate of Conecuh county, who sued for the use of the county, against William E. Ellis, John Ellis, and George Kyser; and was founded on the defendants' penal bond

for $400, conditioned that they should keep in repair, for the term of five years, a certain bridge which the said William E. Ellis, under a contract with commissioners appointed by the commissioners' court for that purpose, had built across Murder creek, near Fort Crawford, in said county. The bridge was built according to the terms of the contract, and was proved to have been a good one; but, within twelve months after its completion, it was washed away by an accumulation of lumber and timber, which had been cut above the bridge, and was being floated down the creek in rafts to the navy-yard at Pensacola.

"To show that said creek was a navigable stream at the time said bridge was built and said bond given, and that the county had no authority to obstruct it, the defendants proved that, about twenty years ago, a keel-boat, or barge, was built about fifty miles above said bridge, was carried up the stream about seven miles, with one hundred bales of cotton, returned down said stream a few miles, completed her load with four or five hundred bushels of corn, and was then run down with it to Pensacola in safety; that another keel-boat, or barge, of about the same size, made two trips on said stream, some six years after this, from about fifty miles above said bridge, down to Pensacola, freighted with cotton and corn on her downward trips, and with merchandise on her upward trips; that a flat-boat, about that time, loaded with about one hundred bales of cotton, was taken in safety from the same point down to Pensacola; and that all these trips were made with these boats when the stream was ordinarily full for the winter season. The proof did not show that any other boats than small skiffs had been run on said stream; but it showed that, for several years before the building of said bridge, people were in the habit of getting lumber above said bridge, and of rafting timber and lumber down said stream to the navy-yard, and for market at the bay. The proof showed, also, that there had been no material change in the nature of said stream, or the volume of water it afforded, since the time when said keel-boats were carried up and down it in safety; that small boats

could, ordinarily, during the winter season, navigate said stream in safety; but that during the summer, when the weather was dry, it became too low for that purpose. It was in proof, also, that in the survey of the public lands of the United States, the surveyors had made no fractional sections on the margin of said stream, but that the land-lines were run entirely across the stream. Upon this testimony, the court charged the jury, that Murder creek was not a navigable stream; to which charge the defendants excepted," and which they now assign as error.

MARTIN, BALDWIN & SAYRE, for the appellants.

WATTS, JUDGE & JACKSON, contra.

RICE, C. J.—In Angell on Water-courses, (5th edition, § 535,) it is laid down, that all rivers above the flow of tide-water are, by the common law, prima facie, private; but, when they are naturally of sufficient depth for valuable flotage, the public have an easement therein, for the purposes of transportation and commercial intercourse; and, in fact, they are public highways by water.

In The People v. Platt, 17 Johns. 211, Chief-Justice Spencer, in delivering the opinion of the court, states the law thus: "The distinguishing test, between those rivers which are entirely private property, and those which are private property subject to the public use and enjoyment, consists in the fact, whether they are susceptible or not of use as a common passage for the public."

Lord Hale, in his treatise De Jure Maris, edited by Mr. Hargrave, pages 8 and 9, says, "There be some streams or rivers, that are private, not only in property and ownership, but also in use; as little streams or rivers that are not a common passage for the King's people. Again, there be other rivers, as well fresh as salt, that are of common, or public use for carriage of boats and lighters; and these, whether they are fresh or salt, whether they flow and re-flow, or not, are, prima facie, publici juris—common highways for man or goods, or both, from one inland town to another."

Murder creek near Fort Crawford, the site of the bridge, is a fresh-water creek, and not affected by the ebb and flow of the tide. Its size does not distinctly appear. It does not appear to be of "*common, or public use* for carriage of boats and lighters." In the survey of the public lands of the United States, it was treated as not *navigable;* for the government surveyors made no fractional sections upon its margin, but ran the land-lines entirely across the stream. In that survey, it was treated as land merely, and as much the subject of sale and *private* ownership and use, as any other part of the tract of land on its margin. It has not, to our knowledge, or the knowledge of the parties or their counsel, ever been declared by legislative authority to be a public highway. In view of these facts, and of the common-law presumption above stated, that all rivers above the flow of tide-water are *private*, we cannot hold that there was error in the charge, that upon the evidence set forth in the bill of exceptions, the said creek was "not a navigable stream."—Palmer v. Mulligan, 3 Caines' Rep. 318; Munson v. Hungerford, 6 Barbour's Rep. 205; Cates v. Wadlington, 3 McCord's Rep. 580; Angell on Water-courses, §§ 535–550; Morgan v. Reading, 3 Smedes & Marsh. 366.

Judgment affirmed.